UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIK GUSTAFSON, *et al.*,

Plaintiffs,

v.

CITY OF KIRKLAND, *et al.*,

Defendant.

Case No. 2:25-cv-00367-RSL

ORDER GRANTING
MOTIONS TO DISMISS

This matter comes before the Court on the motion to dismiss filed by defendants City of Kirkland, former Mayor of Kirkland Penny Sweet in her official capacity, and former Kirkland Deputy City Manager James Lopez in his official capacity (Dkt. 12); the motion to dismiss filed by defendants Sweet, Lopez, Kirkland Fire Chief Joseph Sanford, and former Kirkland Deputy Fire Chief Timothy Day in their personal and official capacities (Dkt. 18); plaintiffs' response to each of the motions to dismiss (Dkt. 23 and 24); defendants' replies (Dkt. 26 and 27); the related declaration (Dkt. 13); and the notices of supplemental authority filed by plaintiffs and defendants (Dkt. 28, 30, 31, 33–37, and 39). Having reviewed the motions and the record herein, the Court GRANTS the motions to dismiss as explained below.[1]

---

[1] This matter can be decided on the papers submitted. Plaintiffs' request for oral argument (Dkt. 23 and 24) is DENIED.

ORDER GRANTING MOTIONS TO DISMISS - 1

## I.    Background

Plaintiffs "are devout, practicing Christians" who allege they "were terminated from their employment by the City of Kirkland Fire Department, after exercising their rights to religious freedom and declining to receive the COVID-19 vaccine." Dkt. 1 at ¶ 3. Plaintiffs allege they were "treated in virtually identical fashion by the City of Kirkland Fire Department." Dkt. 1 at ¶ 4. After submitting requests for religious exemptions to a vaccination requirement that was in effect for firefighters beginning Aug. 20, 2021, plaintiffs allege that their "requests for religious exemptions were approved by their employers, the Defendants, based on Plaintiffs' sincerely held religious beliefs." *Id*. at ¶ 2, 4, 28, 30–31. With their religious exemptions approved, plaintiffs were offered accommodations through Dec. 31, 2021. *Id*. at ¶ 32–39. After that, plaintiffs' employment with the City of Kirkland Fire Department was terminated. *Id*. at ¶ 44.

Plaintiffs commenced this action on Feb. 27, 2025, alleging religious discrimination in violation of the Washington Law Against Discrimination ("WLAD"); hostile work environment in violation of the WLAD; retaliation in violation of the WLAD; wrongful termination in violation of public policy; violation of their First Amendment right to free exercise of religion; and violation of their Fourteenth Amendment rights to due process and equal protection. *Id*. at ¶¶ 56–118. They seek damages, declaratory judgment, and injunctive relief. *Id*. at 19.

## II.    Discussion

### A.  Pleading Standard Under Fed. R. Civ. P. 12(b)(6)

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

ORDER GRANTING MOTIONS TO DISMISS - 2

544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. 544 at 555 (2007). Finally, dismissal under Rule 12(b)(6) is proper "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

ORDER GRANTING MOTIONS TO DISMISS - 3

## B. Any Claims Against Individual Defendants in Their Official Capacities Are Dismissed

Plaintiffs' complaint names the City of Kirkland and several individuals as defendants, but it does not make clear whether the individual defendants are being sued personally, in their official capacities, or both. Dkt. 1. "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Plaintiffs have not argued otherwise. Dkt. 24; Dkt. 27 at 3:11–15. Therefore, the Court dismisses any claims made against the individual defendants in their official capacity. *William Ramirez & Stacey Ramirez v. Cnty. of El Dorado*, 2020 WL 1673898, at *5 (E.D. Cal. Apr. 6, 2020).

## C. Claim One: Religious Discrimination in Violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60

Plaintiffs allege "religious discrimination and unlawful animus" that constitutes violations of both the WLAD and Washington State's law against unfair employment practices. Dkt. 1 at ¶¶ 55–61 (citing RCW 49.60.180 and 49.60.030). Specifically, plaintiffs allege they are members of a protected class ("adherents of the Christian faith") who, because of defendants' actions, experienced (1) "intentional discrimination against Plaintiffs on the basis of their religion" (*id*. at ¶ 57, 58), and (2) disparate treatment as compared to "similarly situated employee(s) who are not members of their protected class" and "do substantially the same work for the City of Kirkland" (*id*. at ¶ 59).

ORDER GRANTING MOTIONS TO DISMISS - 4

### 1. Claim One Alleges Disparate Treatment, Not Failure to Accommodate

Claim One in plaintiffs' complaint is structured as a claim of disparate treatment in violation of the WLAD. *See* Dkt. 1 at ¶ 59, 60 ("The Defendants have individually and collectively treated Plaintiffs less favorably in the terms and conditions of their employment than similarly situated employee(s) who are not members of their protected class . . . ."). However, plaintiffs now argue in response to defendants' motion to dismiss (Dkt. 12) that plaintiffs are also claiming failure to accommodate under the WLAD, Dkt. 24 at 4:15–24, and that the alleged failure to accommodate sufficiently shows disparate treatment at this stage in the proceedings, *id*. at 5:2–3. On a motion to dismiss the Court's review is generally limited to the contents of the complaint, *Bockrath*, 100 F.3d at 1479, and therefore the Court rejects plaintiffs' attempt to recharacterize Claim One as alleging a failure to accommodate in violation of the WLAD. Failure to accommodate claims and disparate treatment claims have "distinct elements." *Zimmerman v. PeaceHealth*, No. 3:22-CV-05960-TMC, 2025 WL 2458051, at *21 (W.D. Wash. Aug. 26, 2025) (citing *Lavelle-Hayden v. Legacy Health*, 744 F.Supp.3d 1135, 1149 (D. Or. 2024)). If plaintiffs wish to plead that defendants failed to accommodate plaintiffs in violation of the WLAD, they may do so (after complying with Section III of this Order) by filing an amended complaint that contains a standalone claim alleging the "distinct elements" of a failure-to-accommodate claim. *Id*.

ORDER GRANTING MOTIONS TO DISMISS - 5

## 2.  Disparate Treatment Is Not Plausibly Alleged

As discussed *supra* (II.C.1), plaintiffs' Claim One is construed by this Court to be a claim of disparate treatment in violation of the WLAD. In making their claim, plaintiffs do not allege direct evidence of discriminatory intent. Dkt. 1 at ¶¶ 1 – 61. Therefore, plaintiffs' claim of disparate treatment under the WLAD is analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Alonso v. Qwest Commc'ns Co., LLC*, 178 Wash. App. 734, 743–44 (2013). Under this approach, a prima facie case of disparate treatment is established by showing that (1) plaintiffs are members of a protected class; (2) they were qualified for their positions; (3) they experienced an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Zimmerman*, No. 3:22-CV-05960-TMC, 2025 WL 2458051, at *20 (W.D. Wash. Aug. 26, 2025) (citing *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). Here, as in *Zimmerman*, "the parties focus their arguments on the fourth element." *Id*.

As discussed *supra* (II.C.1), plaintiffs' complaint does not distinctly allege a failure-to-accommodate claim. Therefore, plaintiffs' attempt to use a failure-to-accommodate claim to satisfy the second, "other circumstances" prong of the fourth *McDonnell Douglas* element fails. Dkt. 24 at 3. Plaintiffs' attempt to satisfy the first prong of the fourth *McDonnell Douglas* element by showing that "similarly situated individuals outside the protected class were treated more favorably" also fails. Dkt. 1 at 58, 59; Dkt. 24 at 4:4–7. Plaintiffs speculate that the

ORDER GRANTING MOTIONS TO DISMISS - 6

"similarly situated individuals" who were treated "more favorably" than plaintiffs were not "adherents to the Christian faith." *Id*. However, nothing in plaintiffs' complaint causes this allegation to "rise above the speculative level." *Twombly*, 550 U.S. at 555. *See* also Dkt. 27 at 4 n.2. Plaintiffs' complaint thus fails to plausibly allege the fourth *McDonnell Douglas* element and, as a result, fails to plausibly allege disparate treatment. Therefore, plaintiffs' claim of disparate treatment in violation of the WLAD shall be dismissed.

### D.  Claim Two: Hostile Work Environment in Violation of the WLAD

A prima facie hostile work environment claim is established under the WLAD by showing: "(1) the harassment was unwelcome, (2) the harassment was because [plaintiff was a member of a protected class], (3) the harassment affected the terms and conditions of employment, and (4) the harassment is imputable to the employer." *Loeffelholz v. Univ. of Washington*, 175 Wn.2d 264, 275 (2012) (citing *Antonius v. King County*, 153 Wn.2d 256, 261 (2004)). Analyzing only element two, which here requires the alleged harassment to be based on plaintiffs' Christian faith, the Court finds that plaintiffs' complaint fails to plausibly allege a hostile work environment. In their response (Dkt. 24 at 7:19), plaintiffs concede that they "are not yet able to plead direct evidence of harassment based upon their religion." But Plaintiffs appear to argue, again, that their alleged failure-to-accommodate claim suffices at this stage in the proceedings (because, with regard to this hostile work environment claim, the alleged failure-to-accommodate claim gives rise to an inference that the alleged harassment was based on plaintiffs' Christian faith). *Id*. at 7:19–21. This argument goes nowhere because plaintiffs' complaint does not distinctly allege a failure-to-accommodate claim. *See* II.C.1. Moreover,

ORDER GRANTING MOTIONS TO DISMISS - 7

plaintiffs' complaint does not plausibly allege any facts that would support an inference that the alleged harassment was based on a protected characteristic (here, plaintiffs' Christian faith), rather than on plaintiffs' vaccination status. Dkt. 1 at ¶¶ 62–72, 78; *Zimmerman*, No. 3:22-CV-05960-TMC, 2025 WL 2458051, at *25 (W.D. Wash. Aug. 26, 2025) (citing *Pommier v. Kaiser Found. Health Plan of Washington*, No C23-1409-TSZ, 2025 WL 346524, at *5 (W.D. Wash. Jan 30, 2025) and *Feds for Freedom v. Austin*, No. 3:23-CV-05490-DGE-RJB, 2024 WL 2922804, at *11 (W.D. Wash. June 10, 2024)). Because plaintiffs' complaint offers only conclusory allegations concerning an alleged link between the alleged harassment and plaintiffs' Christian faith, Dkt. 1 at ¶¶ 62–72, 78, plaintiffs' claim of a hostile work environment in violation of the WLAD shall be dismissed. *Benavidez*, 993 F.3d at 1144–45.

### E.  Claim Three: Retaliation in Violation of the WLAD

A prima facie retaliation claim is established under the WLAD by showing: "(1) [the employee] engaged in statutorily protected activity; (2) the employer took some adverse employment action against the employee; and (3) there is a causal link between the protected activity and the adverse action." *Lodis v. Corbis Holdings, Inc.*, 172 Wn. App. 835, 846 (2013). As an initial matter, plaintiffs point to no authority supporting the proposition that requesting or taking leave under the Family and Medical Leave Act, 29 U.S.C. § 28, is a "statutorily protected activity" under the WLAD. *Parker v. Idearc Media Sales--W. Inc.*, No. C07-1293-BHS, 2008 WL 5459709, at *5 (W.D. Wash. Dec. 30, 2008) (granting summary judgment where plaintiff's claim of retaliation under the WLAD was premised on her allegedly being fired for requesting and taking FMLA leave). *See also* Dkt. 1 at ¶ 75; Dkt. 24 at 5–9. Turning to the other activities

ORDER GRANTING MOTIONS TO DISMISS - 8

that plaintiffs allege are statutorily protected and led to retaliation against them—requesting religious exemptions to the COVID-19 vaccine mandate and requesting reasonable accommodations for the religious exemptions—the Court finds that plaintiffs' complaint offers only conclusory allegations of a link between the alleged retaliation and plaintiffs' Christian faith. Dkt. 1 at ¶¶ 73–79. Even considering plaintiffs' argument that the alleged retaliation may have had mixed motives that included plaintiffs' statutorily protected activities and Christian faith as "substantial factors" (Dkt. 1 at ¶ 78; Dkt. 24 at 9), the Court still finds nothing more than conclusory allegations on this point in plaintiffs' complaint. Dkt. 1 at ¶¶ 73–79. Therefore, plaintiffs' claim of retaliation in violation of the WLAD shall be dismissed. *Benavidez*, 993 F.3d at 1144–45.

### F.  Claim Four: Wrongful Termination in Violation of Public Policy

As explained by Judge Barbara J. Rothstein in *Brock v. City of Bellingham*:

> In Washington, the tort of wrongful discharge "is a narrow exception to the doctrine of at-will employment." [*Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257 (2015)]. "To state a cause of action, the plaintiff must plead and prove that his or her termination was motivated by reasons that contravene an important mandate of public policy." *Id.* Wrongful termination claims are limited to a narrow set of scenarios, including most relevantly here, "where employees are fired for exercising a legal right or privilege."

No. 2:24-CV-850-BJR, 2025 WL 254725, at *14 (W.D. Wash. Jan. 21, 2025). Here, as in *Brock*, plaintiffs allege they were wrongly terminated in violation of public policy for "exercising legal rights and/or privileges." *Id*. *See also* Dkt. 1 at ¶ 83. However, plaintiffs' complaint does not point to the specific public policy that plaintiffs allege was violated by

ORDER GRANTING MOTIONS TO DISMISS - 9

plaintiffs' allegedly wrongful termination. Dkt. 1 at ¶¶ 80–87.[2] Even if the Court were to find that plaintiffs identify a public policy in their broad allegation that they were wrongly terminated for exercising their "statutorily and constitutionally protected rights" of "making known their Christian beliefs and objections to receiving the COVID-19 vaccine" (*id*. at ¶ 81), plaintiffs fail to offer the Court any non-conclusory allegations that could support an inference that defendants' motivation in terminating plaintiffs was the contravention of that public policy (as opposed to defendants' motivation being plaintiffs' vaccination status) (*id.* at ¶¶ 80–87). *See Brock*, No. 2:24-CV-850-BJR, 2025 WL 254725, at *14 (W.D. Wash. Jan. 21, 2025) (citing *Becker*, 184 Wn.2d at 257 (2015)). These failures are not remedied by plaintiffs' attempts to argue, in response to defendants' motion to dismiss, that plaintiffs "quite clearly allege[d]" they were wrongfully terminated in violation of the State of Washington's public policy favoring good faith accommodations for those who request religious exemptions. Dkt. 24 at 10. This is another recharacterization of plaintiffs' complaint (*see supra* II.C.1), and the Court rejects the recharacterization. *Bockrath*, 100 F.3d at 1479. *See also* Dkt. 1 at ¶¶ 80–87. Therefore, plaintiffs' claim of wrongful termination in violation of public policy shall be dismissed for failure to state a claim. *Navarro*, 250 F.3d at 732 (9th Cir. 2001).

---

[2] Although ¶ 85 in Claim Four refers back to the allegations made by plaintiffs in Claims One through Three, it does so for the purpose of alleging adverse actions. Dkt.1. For a claim of wrongful termination in violation of public policy, "the plaintiff must plead and prove that his or her termination was motivated by reasons that contravene an important mandate of public policy." *Brock*, No. 2:24-CV-850-BJR, 2025 WL 254725, at *14 (W.D. Wash. Jan. 21, 2025) (citing *Becker*, 184 Wn.2d at 257 (2015)). None of the allegations in plaintiffs' Claim Four identify a specific public policy whose mandate was allegedly contravened by defendants' alleged reasons for terminating plaintiffs. Dkt. 1 at ¶¶ 80–87.

ORDER GRANTING MOTIONS TO DISMISS - 10

## G. Claim Five: Violation of First Amendment, Free Exercise of Religion, Pursuant to 42 U.S.C. § 1983

The First Amendment's Free Exercise Clause provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. CONST. amend. I. "In assessing a Free Exercise claim, the Court must first determine what level of scrutiny to apply. Rational basis review applies to neutral laws of general applicability, while strict scrutiny applies to those which are not neutral and/or which are not generally applicable." *Novelozo v. Port of Seattle*, No. C25-111-JNW, 2025 WL 2390433, at *3 (W.D. Wash. Aug. 18, 2025) (citing *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 685-86 (9th Cir. 2023)).

### 1. Neutrality

Where rules established by a governmental entity "make no reference to any religious practice, conduct, belief, or motivation, they are facially neutral." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 (9th Cir. 2015). Here, the City of Kirkland issued a "Special Notice" on September 9, 2021, implementing the Washington State Governor's Proclamation 21-14.1. Dkt. 1 at ¶ 2; Dkt. 13-2.[3] The governor's proclamation required that all healthcare providers be fully

---

[3] Plaintiffs' complaint against the City of Kirkland and the individual defendants does not appear to reference the "Special Notice" issued by the City of Kirkland on September 9, 2021. Dkt. 1. However, defendants submitted that "Special Notice" as an exhibit in support of the Dkt. 12 motion to dismiss (Dkt. 13-2), and plaintiffs refer to defendants' exhibit in their response without questioning the authenticity of defendants' exhibit. Dkt. 24 at 14:24–25 (citing a sentence from Dkt. 12 that itself cites Dkt. 13-2). In addition, plaintiffs' response references "the City's implementation of the vaccine mandate" (Dkt. 24 at 13:9), "Kirkland's vaccine requirement" (*id*. at 14:9, 23), and "Kirkland's COVID-19 vaccination requirement" (*id*. at 16:4) when discussing plaintiffs' free exercise claim, thus recognizing that the City of Kirkland took independent steps to implement the governor's vaccine mandate. Therefore, the Court takes judicial notice of Dkt. 13-2 and the undisputed fact that the

ORDER GRANTING MOTIONS TO DISMISS - 11

vaccinated no later than Oct. 18, 2021. Dkt. 1 at ¶ 2. Plaintiffs' complaint does not allege a lack of facial neutrality in defendants' stated policies concerning the implementation of Proclamation 21-14.1. Dkt. 1 at ¶¶ 88–96.

Plaintiffs' complaint does allege a lack of neutrality in defendants' actual implementation of the stated policies, claiming that defendant City of Kirkland determined "not to accommodate employees claiming religious exemptions" (Dkt. 1 at ¶¶ 90, 92) and "acted with unlawful animus against those of the Christian faith, in choosing to categorically deny them reasonable accommodations" (*id*. at ¶ 94). In support of these claims, plaintiffs make allegations that are conclusory and off-point, and therefore those allegations do not support a reasonable inference that animus against Christians motivated the implementation of defendants' vaccination policy. *Daniels-Hall*, 629 F.3d at 998 (9th Cir. 2010). *See also* Dkt. 24 at 13:25 (contending the allegations at ¶¶ 32–33, 49– 51, 92, and 94 in plaintiffs' complaint show "animus against Christians").

Plaintiffs allege that "day shift" accommodations, in which accommodated firefighters were allowed to perform "administrative functions" that didn't require contact with the public, were given "only" to those firefighters who requested a vaccination exemption on religious grounds. Dkt. 1 at ¶¶ 32–33. But exhibits attached to plaintiffs' complaint only support a claim that day shift accommodations were given to a broader category of individuals: "unvaccinated firefighters." Dkt. 1-3 at ¶ 37; Dkt. 1-5. Even taking as true plaintiffs' claim that day shift

document concerns the City of Kirkland's implementation of the governor's vaccine mandate. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

ORDER GRANTING MOTIONS TO DISMISS - 12

accommodations were given only to those requesting religious exemptions (Dkt. 1 at ¶¶ 32–33), those claims do not support a specific inference that animus against *Christians* motivated the implementation of defendants' vaccination policy.

Plaintiffs also offer a more general allegation that accommodations were denied "to those claiming religious exemptions" (*id.* at ¶ 92), but this allegation is contradicted by plaintiffs' allegation that they were "offered an accommodation" (*id.* at ¶ 32), albeit one that plaintiffs allege was insufficient (*id.* at ¶ 33). Plaintiffs' allegation of accommodations being denied "to those claiming religious exemptions" (*id.* at ¶ 92) is further contradicted by plaintiffs' allegation that one firefighter who asserted a religious exemption to vaccination had his accommodations extended beyond the termination deadline experienced by plaintiffs (*id.* at ¶ 48). In addition, documents attached to plaintiffs' complaint show that two firefighters who asserted religious exemptions to vaccination had their accommodations extended beyond the termination deadline experienced by plaintiffs. Dkt. 1-3 at ¶ 39.[4][5]

Similarly, even taking as true plaintiffs' allegations that "derogatory and demeaning statements" were made by unnamed City of Kirkland "representatives" about plaintiffs "and their beliefs" (*id.* at ¶¶ 49–51), those allegations as stated in plaintiffs' complaint fall short of

---

[4] The alleged fact that defendants offered religious exemptions "does not undermine facial neutrality." *Moriarty v. Port of Seattle*, No. 2:23-CV-01209-TL, 2024 WL 4290279, at *4 (W.D. Wash. Sept. 25, 2024) (citing *UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2022 WL 2357068, at *6 (N.D. Cal. June 30, 2022)).

[5] Plaintiffs also allege that defendants have accommodated "medical exemptions." Dkt. 1 at ¶ 93. *But see* Dkt. 1-3 at ¶ 39 ("one unvaccinated firefighter has been provided an interim medical accommodation"). This does not plausibly undermine facial neutrality. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177–78 (9th Cir. 2021).

ORDER GRANTING MOTIONS TO DISMISS - 13

supporting a reasonable inference that animus against Christians motivated defendants in their implementation of the City of Kirkland's vaccination policy, especially given that plaintiffs have not plausibly alleged any outcomes that support a reasonable inference of animus against Christians. Finally, given the above-mentioned deficiencies, plaintiffs' flat allegation that the City of Kirkland "acted with unlawful animus" in "categorically" denying reasonable accommodations to "those of the Christian faith" (*id*. at ¶ 94) is merely conclusory.

As plaintiffs state, their "requests for religious exemptions were approved by their employers, the Defendants, based on Plaintiffs' sincerely held religious beliefs." *Id*. at ¶ 30–31. On the facts pled, the Court cannot draw the reasonable inference that defendants then implemented the accommodation policy in a way that was motivated by animus against Christians. Therefore, on the facts pled, the Court has been provided no reason to doubt that the vaccination policy at issue was neutral.

### 2. General Applicability

Plaintiffs state that their "critical" allegation concerning general applicability is that the City of Kirkland extended longer accommodations to one firefighter asserting a religious exemption than to plaintiffs, who are also firefighters who asserted religious exemptions. Dkt. 24 at 14:25–15:8 (citing Dkt. 1 at ¶ 48). Thus, plaintiffs argue, "precedent compels the conclusion that Kirkland's vaccine requirement is not generally applicable." *Id*. (citing *Bacon v. Woodward*, 104 F.4th 744, 752 (9th Cir. 2024)). But in *Bacon*, the City of Spokane determined that it could not accommodate unvaccinated firefighters' requests for religious exemptions *at all* because doing so would impose an undue hardship. 104 F.4th at 747–48 (9th Cir. 2024). At the

ORDER GRANTING MOTIONS TO DISMISS - 14

same time, Spokane allowed firefighters from neighboring fire departments to enter Spokane to provide emergency services under a mutual assistance agreement. *Id*. Those neighboring fire departments "granted religious and medical accommodations to their firefighters." *Id*. "In other words, Spokane implemented a vaccine policy from which it exempted certain firefighters based on a secular criterion—being a member of a neighboring department—while holding firefighters who objected to vaccination on purely religious grounds to a higher standard." *Id*. at 751. Because the Free Exercise Clause prohibits governments from "treat[ing] comparable secular groups more favorably," the *Bacon* court found that Spokane's policy failed the general applicability test. *Id*. at 751–52 (citing *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.*, 82 F.4th 664, 694 (9th Cir. 2023) (en banc)). Here, there is no allegation that the City of Kirkland treated comparable secular groups more favorably, only an allegation that one firefighter who asserted a religious exemption was given a longer accommodation than plaintiffs, who themselves asserted religious exemptions and were granted accommodations. Dkt. 1 at ¶¶ 48, 88–96. Therefore, the Court finds that *Bacon* does not compel plaintiffs' desired outcome. 104 F.4th at 751–52 (9th Cir. 2024). Because plaintiffs have not plausibly alleged that defendants implemented the Washington State governor's vaccination policy in a "selective manner" that pursued the stated policy interests "only against conduct motivated by religious belief," the Court finds that it has been provided no reason to doubt that the vaccination policy at issue was generally applicable. *Stormans*, 794 F.3d at 1079 (9th Cir. 2015) (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 543, 545 (1993)).

ORDER GRANTING MOTIONS TO DISMISS - 15

Therefore, on the facts pled, the Court finds that defendants' implementation of the Washington State governor's vaccination policy was neutral and generally applicable. Given this finding, the implementation must satisfy only rational basis review. *Stormans*, 794 F.3d at 1084 (9th Cir. 2015). On the facts pled, the Court finds that defendants' implementation of the Washington State governor's vaccination policy satisfies rational basis review. *See Novelozo*, No. C25-111 JNW, 2025 WL 2390433, at *4 (W.D. Wash. Aug. 18, 2025); *Wise v. Inslee,* No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *3 (E.D. Wash. Oct. 25, 2021); *Pilz v. Inslee*, No. 3:21-CV-05735-BJR, 2022 WL 1719172, at *5 (W.D. Wash. May 27, 2022), *aff'd*, No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023); *Martinez v. Eastside Fire & Rescue*, No. 2:24-CV-01706-TL, 2025 WL 1654649, at *10 (W.D. Wash. June 10, 2025). Therefore, plaintiffs' claim of religious discrimination in violation of the First Amendment's Free Exercise Clause is dismissed.

### H. Claim Six: Violation of Fourteenth Amendment, Due Process Clause, Pursuant to § 1983

Plaintiffs allege that defendants violated their substantive and procedural due process rights. Dkt. 1 at ¶¶ 97–109. Specifically, plaintiffs allege that they "enjoyed protectable property rights in their employment positions with the City"[6] and "enjoyed rights of bodily integrity to be free from unwanted, unnecessary, and ineffective medical treatments to which they did not consent." *Id*. "Alternatively, Defendants placed unconstitutional conditions on the Plaintiff's

---

[6] "Plaintiffs do no assert any right to continued employment by the City, to be clear, but the City was not permitted to condition the receipt of such benefits upon their sacrificing their constitutional rights." Dkt. 24 at 18:19.

ORDER GRANTING MOTIONS TO DISMISS - 16

receipt of government benefits, requiring them to forego their fundamental constitutional liberties in order to receive those benefits." *Id*. Plaintiffs also allege they were deprived of their "rights to bodily autonomy." *Id*. Further, plaintiffs allege that the City of Kirkland "denied adequate procedural protections to Plaintiffs, in determining to deprive them of their rights without offering reasonable accommodations or engaging in an interactive process with respect to the religious exemptions claimed by Plaintiffs." *Id*.

### 1.  Substantive Due Process

Based on longstanding Supreme Court precedent, the Ninth Circuit has found there is "no fundamental right to be free from vaccine requirements imposed to protect the safety and health of the community." *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1030 (9th Cir. 2025) (citing *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 26–27 (1905)). Thus, rational basis review is applied to plaintiffs' substantive due process claim. *Id.* at 1030–33. Applying rational basis review, the Court finds that the City of Kirkland's implementation of the Washington State governor's vaccine policy "easily survives such review." *Id*. *See also Martinez*, No. 2:24-CV-01706-TL, 2025 WL 1654649, at *10–11 (W.D. Wash. June 10, 2025); *Novelozo*, No. C25-111 JNW, 2025 WL 2390433, at *5 (W.D. Wash. Aug. 18, 2025). This claim will therefore be dismissed with prejudice. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000).

### 2.  Procedural Due Process

The Court will assume, without deciding, that plaintiffs have stated a non-conclusory claim implicating a protected liberty or property interest. *McLaran v. Rakevich*, No. 3:20-CV-

ORDER GRANTING MOTIONS TO DISMISS - 17

05395-JRC, 2021 WL 825378, at *6 (W.D. Wash. Mar. 4, 2021) ("[A] procedural due process claim is not viable unless a plaintiff identifies a protected liberty or property interest."). Even assuming this, plaintiffs have not stated a plausible claim that defendants failed to provide them the "essential requirements of due process," which are "notice and an opportunity to respond." *Martinez*, No. 2:24-CV-01706-TL, 2025 WL 1654649, at *12–13 (W.D. Wash. June 10, 2025) (citing *Pilz*, No. 3:21-CV-05735-BJR, 2022 WL 1719172, at *5 (W.D. Wash. May 27, 2022) (citing *Cleveland Bd. Of Education v. Loudermill*, 470 U.S. 532, 546 (1985)), *aff'd*, No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023)). The Court has already found that defendants' implementation of the Washington State governor's vaccination policy was generally applicable. *See supra*, II.G.2. Therefore, to the extent that plaintiffs are offering "a categorical challenge to the substance of a generally applicable law impacting property rights," the Ninth Circuit has held that "no procedural due process is required beyond the proper promulgation of the new substantive rule." *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at *2 (9th Cir. June 18, 2024). Plaintiffs' complaint contains no allegation of improper promulgation of either the Washington State governor's vaccine policy or the City of Kirkland's implementation of that policy. Dkt. 1. Nor is there any allegation in the complaint that plaintiffs lacked notice of either policy. Dkt. 1.

Turning to plaintiffs' opportunity to respond, defendants point out that "[t]he materials attached to the Complaint demonstrate that Plaintiffs participated in interactive process meetings to discuss potential accommodations." Dkt. 12 at 29:21-23 (citing Dkt. 1-3 at ¶¶ 17, 20, 26). *See also* Dkt. 1-5 and Dkt. 1-6. "Additionally, Plaintiffs acknowledge that they received 'the

ORDER GRANTING MOTIONS TO DISMISS - 18

requisite "pre-separation" process' before they were terminated." Dkt. 12 at 29:23-25 (citing Dkt. 1 at ¶ 6). Thus, plaintiffs' complaint alleges sufficient—and likely more than sufficient—opportunity to respond. *Wise,* No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *5 (E.D. Wash. Oct. 25, 2021); *Martinez*, No. 2:24-CV-01706-TL, 2025 WL 1654649, at *13 (W.D. Wash. June 10, 2025); *Pilz*, No. 3:21-CV-05735-BJR, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022), *aff'd*, No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023).

Therefore, plaintiffs' claim of procedural due process violations is dismissed.

## I.    Claim Seven: Violation of Fourteenth Amendment, Equal Protection Clause, Pursuant to § 1983

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, "[t]o state an equal protection claim of any stripe, whatever the level of scrutiny it invites, a plaintiff must show that the defendant treated the plaintiff differently from similarly situated individuals." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012).

As discussed *supra* (II.G.1), plaintiffs' complaint does not support a reasonable inference that animus against Christians motivated the implementation of defendants' vaccination policy. For similar reasons, plaintiffs' complaint does not support a reasonable inference that, as plaintiffs argue in support of their Equal Protection claim, they "were treated differently due to asserting their Christian faith." Dkt. 24 at 21:23–25.  Plaintiffs allege that accommodations were

ORDER GRANTING MOTIONS TO DISMISS - 19

denied "to those claiming religious exemptions" (Dkt. 1 at ¶ 114), but this allegation is contradicted by plaintiffs' allegation that they were "offered an accommodation" (*id.* at ¶ 32), albeit one that plaintiffs allege was insufficient (*id*. at ¶ 33). Plaintiffs' allegation of accommodations being denied "to those claiming religious exemptions" (*id*. at ¶ 114) is further contradicted by plaintiffs' allegation that one firefighter who asserted a religious exemption to vaccination had his accommodations extended beyond the termination deadline experience by plaintiffs (*id.* at ¶ 48). In addition, documents attached to plaintiffs' complaint show that two firefighters who asserted a religious exemption to vaccination had their accommodations extended beyond the termination deadline experience by plaintiffs. Dkt. 1-3 at ¶ 39. No allegation in plaintiffs' complaint plausibly alleges that Christians, as a class, were treated differently than others requesting the religious exemptions provided for in the Washington State governor's vaccine policy. Dkt. 1.[7] Therefore, the Court declines plaintiffs' invitation to apply strict scrutiny based on differential treatment of a suspect class. Dkt. 24 at 21:27; *City of Cleburne*, 473 U.S. at 440 (1985).

Plaintiffs also fail in their attempt to establish differential treatment by contrasting their treatment as Christians who requested religious exemptions with the treatment of "those employees who sought medical exemptions and accommodations thereto." Dkt. 1 at ¶¶ 113–14, 116. As an initial matter, documents attached to plaintiffs' complaint only support an allegation

---

[7] *See also supra* (II.C.2) ("Plaintiffs speculate that the 'similarly situated individuals' who were treated 'more favorably' than plaintiffs were not 'adherents to the Christian faith.' . . . However, nothing in plaintiffs' complaint causes this allegation to 'rise above the speculative level.' *Twombly*, 550 U.S. at 555.")

ORDER GRANTING MOTIONS TO DISMISS - 20

that "*one* unvaccinated firefighter has been provided an *interim medical accommodation*." Dkt. 1-3 at ¶ 39 (emphasis added). But even if the Court were to accept plaintiffs' allegation that multiple employees sought and were granted medical exemptions by the City of Kirkland, that would not plausibly suggest differential treatment. *Seagraves v. Dep't of Child. Youth & Fams.*, No. 3:24-CV-05081-TMC, 2025 WL 1031306, at *7–8 (W.D. Wash. Apr. 7, 2025), *reconsideration denied*, No. 3:24-CV-05081-TMC, 2025 WL 1180380 (W.D. Wash. Apr. 23, 2025) (differential treatment not shown by comparing those seeking religious exemptions with those seeking medical exemptions, even where plaintiffs had alleged medical exemptions were granted at a higher rate than religious exemptions).[8]

Therefore, because plaintiffs have failed to plausibly allege "that the defendant[s] treated the plaintiff[s] differently from similarly situated individuals," *Pimentel*, 670 F.3d at 1106 (9th Cir. 2012), plaintiff's Equal Protection claim will be dismissed.

### J. Any Claims Against Individual Defendants in Their Individual Capacity Are Dismissed

As the Court has already discussed, plaintiffs' complaint names the City of Kirkland and several individuals as defendants but does not make clear whether the individual defendants are being sued personally, in their official capacities, or both. *See supra*, II.B. The Court has already dismissed any claims against individual defendants in their official capacity. *Id*. Given that the

---

[8] In addition, even if this Court were to construe plaintiffs' complaint as alleging differential treatment of vaccinated and unvaccinated individuals, that would not sufficiently allege an Equal Protection violation. *Martinez*, No. 2:24-CV-01706-TL, 2025 WL 1654649, at *10–11 (W.D. Wash. June 10, 2025).

ORDER GRANTING MOTIONS TO DISMISS - 21

Court has now found all of plaintiffs' state law and constitutional claims deficient as a matter of law, it need not—and does not—analyze the notice, service, personal liability, and qualified immunity issues raised by individual defendants Sanford, Day, Lopez, and Sweet in their Dkt. 18 motion to dismiss. Instead, having dismissed all of plaintiffs' state law and constitutional claims through consideration of the Dkt. 12 motion to dismiss, the Court will also grant the individual plaintiffs' Dkt. 18 motion to dismiss.

### III.    Conclusion

For all the foregoing reasons, defendants' motions to dismiss (Dkt. 12 and Dkt. 18) are GRANTED. With regard to the claims that were not dismissed with prejudice: If plaintiffs and their counsel believe they can, consistent with their Rule 11 obligations, remedy the deficiencies identified in this Order, they may file a motion for leave to amend that complies with LCR 15 within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED this 14th day of July, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS - 22